ROYCE JONES and JUDETH H. (SAVAGE) JONES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jones v. Commissioner
Docket No. 8415-76.
United States Tax Court
T.C. Memo 1978-212; 1978 Tax Ct. Memo LEXIS 298; 37 T.C.M. (CCH) 917; T.C.M. (RIA) 780212; June 8, 1978, Filed *298 Held, petitioners' expenses incurred while on a trip through Mexico, Central and South America are not deductible business expenses. Judeth H. (Savage) Jones, pro se. Thomas F. Donahue and Jeannette A. Cyphers, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a $389.02 deficiency in petitioners' 1974 Federal income taxes. The only issue we must decide is whether petitioner Judeth H. (Savage) Jones' estimated expenses incurred on a trip through Mexico, Central and South America are deductible under section 162. [1]
FINDINGS OF FACT Some facts have been stipulated and are found accordingly. Petitioners Royce Jones and Judeth H. (Savage) Jones *299 timely filed their 1974 joint Federal income tax return with the Internal Revenue Service Center, Fresno, California. When they filed their petition herein petitioners were legal residents of Palo Alto, California. From 1970 until June 1974, Judeth H. (Savage) Jones (hereinafter petitioner) taught elementary school in the San Bernardino Unified School District where she was a certified, tenured teacher. During 1974 she taught at Roosevelt School which had an ethnic makeup that was approximately two-thirds Chicano. She had a minimal, but not adequate, understanding of Spanish. Although Roosevelt School had a large percentage of Chicano students, many of whom were Spanish speaking, petitioner was not required to speak Spanish as a condition of her employment. During the spring of 1974 petitioner and her husband planned an extensive trip through Mexico, Central America, and South America. They planned this trip so they could visit places of geological interest, and spend most of their time in small cities. In order to take this trip petitioner obtained a leave of absence from her employer. On August 6, 1974, petitioners commenced their tour. They started their trip in Mexicali *300 where they boarded a train for Guatemala. Along the way they purchased Spanish language magazines and comic books. In the various cities they visited, petitioners went to movie theatres where they saw such movies as Live and Let Die; Let the Good Times Roll; Angelo Also Eats Beans; Lost Horizon; Breezy and Interlude of Love; and Serpico. All but one of these movies were in English with Spanish subtitles. From Guatemala petitioners took buses, trains and airplanes through Columbia, Peru, Ecuador, and Bolivia. While in these countries petitioners backpacked into many remote areas, and frequently stayed for extended periods at pensions run by Spanish-speaking families. Petitioners eventually returned to the United States after approximately 119 days of travel. Upon her return to the United States, petitioner applied for and obtained a part-time job as a bilingual aid with the Regional Occupation Program in Colton, California. In this capacity petitioner assisted with reading, English and math for students grades 9 through 12. In September she was hired by the San Bernardino Unified School District as a bilingual, bicultural, and biliterate teacher for grades 1 through 3. As *301 a bilingual teacher petitioner taught in both English and Spanish students who spoke either one or both of the languages. She also had a Spanish language tutor in the classroom who spoke exclusively in Spanish, since many of the Chicano students spoke no English. Petitioner's own evaluation of her language skills is that she would never have been able to teach in a bilingual classroom had it not been for her extensive exposure to Spanish during her travels. During her travels petitioner kept no diary. Her husband, however, kept a brief log consisting of 10-1/2 pages indicating the places visited and the activities engaged in while in the various locations. Some of the activities included visiting zoos, parks and museums, bicycling, looking for shells, mailing packages of emeralds, watching fireworks, visiting travel agencies, swimming and diving, visiting churches, watching parades and fiestas, and visiting local markets. On their 1974 Federal income tax return petitioners deducted as travel expenses $2,161.74, the entire cost of their trip through Mexico, Central and South America. Petitioners have conceded, however, that those expenses attributable to Royce Jones' travels *302 are not deductible. Respondent, in his notice of deficiency, disallowed petitioners' entire travel expense deduction and determined a $389.02 deficiency. OPINION The only issue we must decide is whether petitioner, Judeth H. (Savage) Jones' traveling expenses incurred on her trip through Mexico, Central and South America are deductible business expenses. Petitioner contends that expenses incurred during her trip are deductible educational expenses because they maintained and improved skills required in her employment as a teacher. In support of her argument, petitioner notes that when she returned to the United States she was hired as a bilingual aid and later as a bilingual teacher. Petitioner also relies upon three Memorandum Opinions of this Court to support her position: Haynie v. Commissioner,T.C. Memo. 1977-330; Oehlke v. Commissioner,T.C. Memo. 1967-144; and Smith v. Commissioner, T.C. Memo. 167-246. Respondent contends that none of petitioner's travel expenses is deductible because the major portion of petitioner's activities while traveling did not directly maintain or improve skills required in her trade or business. *303 After considering all facts before us, as well as the parties' arguments, we agree with respondent that petitioner's travel expenses were not deductible educational expenses. Generally, expenses of travel as a form of education are only deductible to the extent they are attributed to a period of travel that is "directly related" to an individual's duties in his trade or business. A period of travel is directly related to an individual's trade or business only if the "major portion" of the activities during the travel is of such a nature that it directly maintains or improves skills required in an individual's employment or trade or business. Sec. 1.162-5(d), Income Tax Regs. Therefore, the question before us is a narrow one: did a major portion of petitioner's activities during her travel maintain or improve her skills as a teacher. On this issue petitioner has the burden of proof. Rule 142e8a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933). After considering the entire record before us we conclude petitioner has failed to meet her burden of proof. Without question petitioner's trip helped improve her Spanish, a skill *304 she subsequently used in her profession. Nevertheless, we are not convinced that a major portion of her activities helped maintain or improve her teaching skills. The record before us indicates petitioner spent most of her time pursuing the usual tourist activities: she visited zoos, parks, and museums, went to the beach, went bicycling, visited churches and local markets, went to movies, went backpacking, etc. Although petitioner alleges she kept a dictionary of newly-learned terms, she failed to submit it to the Court, so we are unable to consider how extensively she studied Spanish. In general, the record is too incomplete for us to determine that petitioner spent a major portion of her time maintaining or improving her skills as a teacher rather than merely sight-seeing and traveling. Consequently we agree with respondent that petitioner's travel expenses were not deductible educational expenses. Although petitioner relies on three Memorandum Opinions of this Court, we find them unpersuasive and distinguishable on their facts. In Haynie v. Commissioner,supra, taxpayer was an assistant school principal who traveled to foreign countries where she visited *305 secondary schools, discussed educational problems with other teachers, administrators and governmental officials, gave lectures, and held seminars. All of taxpayer's activities were recorded in a detailed journal. In contrast, petitioner can point to no close Communication she had with other teachers, administrators and governmental officials; she participated in no seminars, and she gave no lectures. Finally, she failed to record her thoughts for future use in her capacity as a teacher. At best, petitioner is able only to show a very indirect educational effect her travels had on her profession as a teacher. We find Oehlke v. Commissioner,supra, similarly unpersuasive. In Oehlke taxpayer was a high school art and art history instructor who went to Europe. On her trip she took extensive notes on art and architecture and took slides subsequently used in classes. Each day she spent many hours in museums, and she purposely avoided tourist-oriented activities such as shopping. The record in that case indicates that the taxpayer's time, money, and energy were spent in activities directly related to her profession. Again, in contrast, petitioner can only point *306 to a general exposure to Mexican, Central and South American cultures that may have improved her skills as a teacher. Finally, Smith v. Commissioner,supra, is also distinguishable on its facts. In that case we specifically found that the taxpayer, a schoolteacher who taught Latin and French, "devoted most of each day of the trip to speaking French, attending French lectures, or taking short excursions to places that had an important part in the history, art or architecture of either France or the Ancient Roman Empire." [Emphasis added.] We are unable to make similar findings on the record before us. While petitioner improved her Spanish we are unable to say she spent most of each day speaking the language. Similarly, we are unaware of any lectures she attended, and we know of no notes, records or materials she was later able to use in her classes. Accordingly, we are unable to conclude that the major portion of petitioner's activities during her travels directly maintained or improved the skills required in her profession as a teacher.
To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩